**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN SOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 25-cv-11285 |
| | ) | |
| THE VILLAGE OF DES PLAINES | ) | Honorable Judge Thomas M. Durkin |
| VILLAGE OF DES PLAINES | ) | Magistrate Judge David Weisman |
| POLICE DEPARTMENT, OFFICERS | ) | |
| DELOLLO, PENA and SGT, BONIAC | ) | |
| and THE COOK COUNTY | ) | |
| STATES' ATTORNEY | ) | |
| Defendants. | ) | |

**DES PLAINES DEFENDANTS'**
**12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COME Defendants, the CITY OF DES PLAINES, incorrectly sued as the VILLAGE OF DES PLAINES and the VILLAGE OF DES PLAINES POLICE DEPARTMENT, and OFFICERS DELOLLO and PENA and SGT BONIAC (collectively hereinafter, the "Des Plaines Defendants" unless otherwise referred to individually), by and through one of their attorneys, DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., and pursuant to Federal Rule of Civil Procedure 12(c) present their Motion for Judgment on the Pleadings and state as follows:

**Pertinent Claims Alleged in Plaintiff's Complaint**

Plaintiff filed a four-count Complaint against the Des Plaines Defendants and purports to set forth the following claims for relief:

| | |
|---|---|
| Count I | Violation of 42 USC §1983 |
| Count II | Punitive Damages |
| Count III | Pendent State Claim: Wrongful Arrest |
| Count IV | Second Pendent State Claim: Malicious Prosecution |

In his Complaint, the Plaintiff alleges that he was unlawfully arrested by the Des Plaines Defendants in violation of his constitutional rights. [Plaintiff's Complaint, DKT No. 1.] Defendants deny these allegations. However, contrary to Plaintiff's claims, Plaintiff refused to identify himself and attempted to leave while detained when Defendant Officer Dilollo encountered him with an open alcohol container in a public place. [See Defendants' Affirmative Defenses.] Additionally, the force used by the Defendants was not excessive. [Id.] As a result, this Court should grant Defendants' Motion for Judgment on the Pleadings and dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(c).

## PREFATORY STATEMENT

Under Rule 12(c), a party may move for judgment on the pleadings. *See Fed.R.Civ.P*. 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff[s] cannot prove any facts that would support [their] claims for relief.'" *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir.1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp*., 12 F.3d 686, 688 (7th Cir.1993)). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. (citations omitted). The facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiffs' claims are not ignored. *Id*. In other words, when assessing the facial plausibility of a claim, the court draws all reasonable inferences and facts in favor of the non-movant but does not need to accept as true any legal assertions. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452–53. "Written instruments" include documents such as affidavits, letters, contracts, and loan

documentation. *Id.* at 453. Videos attached in support of a defendant's affirmative defenses may also be considered by the court in a Rule 12(c) context. *Romero v. Vill. of Alsip*, 1:24-CV-02175, 2025 WL 885691, at *2-3 (N.D. Ill. Mar. 21, 2025) (*slip* copy). Moreover, the court "may take into consideration documents incorporated by reference to the pleadings." *Milwaukee Police Ass'n*, 863 F.3d at 640; *see also 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730 (7th Cir. 2002) (explaining that the purpose of the "incorporation by reference" doctrine is "to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents").

The motion challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Judgment is warranted if the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Gen. Elec. Capital Corp.*, 128 F.3d at 1080. The essence of the motion is not that the plaintiffs have pleaded insufficient facts, it is that even assuming all of the facts are accurate, they have no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999).

## ARGUMENT

### I. THE DES PLAINES DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFF FOR OBSTRUCTION AND POSSESSION/ DRINKING IN PUBLIC PLACES

Plaintiff makes state law claims for false arrest, malicious prosecution, as well as a Section 1983 claim for false arrest. Plaintiff's claims fail because the evidence demonstrates that Defendant Dilollo had probable cause to arrest Plaintiff.

Under Illinois law, an essential element of a plaintiff's malicious prosecution and false arrest claims is that the arrests, imprisonment, or prosecution be undertaken without probable cause. *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir. 1980). *See also*, *Ross v. Mauro Chevrolet,* 369

Ill.App.3d 794, 798 (1ˢᵗ Dist. 2006)(a plaintiff has to show that he was unreasonably restrained without probable cause); *Burghardt v. Remiyac*, 207 Ill.App.3d 402, 406 (2ⁿᵈ Dist. 1991) and *Howard v. Firmand*, 378 Ill.App.3d 147, 149 (1ˢᵗ Dist. 2007)(probable cause is a condition precedent for a malicious prosecution claim). Thus, proof of the actual existence of probable cause is an absolute bar to the action. *Romero,* WL 885691, at *3; *Abbott v. Sangamon Cnty., Ill*., 705 F.3d 706, 713–14 (7th Cir. 2013); *Terket*, 623 F.2d at 31; *Ross,* 369 Ill.App.3d at 798; *Burghardt*, 207 Ill.App.3d at 406; *Howard*, 378 Ill.App.3d at 149. Moreover, if the defendants had probable cause to believe that a plaintiff was guilty of a crime, their allegedly malicious motives are immaterial. *Terket*, 623 F.2d at 31, citing *Magnus v. Cock Robin Ice Cream Co*., 52 Ill.App.3d 110, 9 Ill.Dec. 769, 367 N.E.2d 203 (1st Dist. 1977). The same rules apply in an action under Section 1983. *Terket*, 623 F.2d at 31, citing *Hunter v. Clardy*, 558 F.2d 290 (5th Cir. 1977); *Beauregard v. Wingard*, 362 F.2d 901 (9th Cir. 1966). *See also Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir.2006).

   Under Plaintiff's state law and Section 1983 claims, police officers possess probable cause to arrest when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense. *Mustafa*, 442 F.3d at 547 (quoting *Kelley,* 149 F.3d at 646); *Johnson v. Target Stores, Inc.*, 341 Ill.App.3d 56, 72-3 (1ˢᵗ. Dist. 2003)(to establish probable cause in a malicious prosecution matter the facts must lead a person of ordinary caution and prudence to believe or to entertain an honest and strong suspicion that the person arrested committed the offense charged); *Ross,* 369 Ill.App.3d at 798 (probable cause is established when the defendant officers have reasonable grounds to believe that an offense was committed by a plaintiff.). Probable cause is not evaluated by the court based upon the facts as an omniscient observer would

perceive them but instead is determined by the facts as they would have appeared to a reasonable person in the position of the arresting officer. *Id.* (quoting *Kelley,* 149 F.3d at 646; citing *Woods v. City of Chicago,* 234 F.3d 979, 987 (7th Cir.2000). *See also Johnson v. Target Stores, Inc.,* 341 Ill.App.3d at 72-3; Ross, 369 Ill.App.3d at 798. Plaintiff bears the burden of demonstrating that he was arrested without probable cause. *McBride v. Grice,* 576 F.3d 703, 706 (7th Cir. 2009). Additionally, when the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape. *Scott v. Harris,* 550 U.S. 372, 379–80, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). *See also Williams v. Brooks,* 809 F.3d 936 (7th Cir. 2016); *Williams v. Norfolk Southern Corporation,* 919 F.3d 469 (7th Cir. 2019).

As Officer Dilollo's body camera video shows, based on the totality of the circumstances, it was reasonable for Officer Dilollo to arrest Plaintiff for possession/drinking in public places and obstruction. (*See* Ex. B attached to Des Plaines Defendants Answer and Affirmative Defenses.) Plaintiff admitted that he was drinking on the Metra train and admitted to having an open alcohol container in a public place. Moreover, when asked for identification, Plaintiff refused to provide his identification. When asked his name and date of birth, Plaintiff refused to give them to Officer Dilollo. Moreover, although Officer Dilollo told Plaintiff he was detained, Plaintiff attempted to walk away from Officer Dilollo. These facts are sufficient to establish probable cause to arrest Plaintiff, and this Court should dismiss Plaintiff's Complaint with prejudice.

## II.  THE DES PLAINES DEFENDANTS' USE OF FORCE WAS REASONABLE UNDER THE FOURTH AMENDMENT.

A claim that a law enforcement officer used excessive force when effectuating an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir.

2010)). An officer's determination of the appropriate level of force to use must be measured from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) *citing Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)(the facts of the matter should not be viewed with hindsight's distorting lens).

An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest, *Graham*, 490 U.S. at 396. But that right is circumscribed by the Fourth Amendment's insistence on reasonableness. *Stainback v. Dixon,* 569 F.3d 767, 772 (7th Cir. 2009). For example, "an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury." *Id.* (citing *Herzog v. Vill. Of Winnetka, Ill.*, 309 F.3d 1041, 1043 (7th Cir. 2002)). If the undisputed material facts establish that the officer acted reasonably under the circumstances, the court must resolve the issue as a matter of law, rather than allow a jury to "second-guess" the officer's action. *Id.* (citing *Bell v. Irwin*, 321 F.3d 637, 640 (7th Cir. 2003)). Analysis of excessive-force claims is an objective one based on the information the officers had at the time. *Id.*

Here, Officer Dilollo's body camera video shows that on the Metra platform, Plaintiff voluntarily went to his knees when he was informed that the Officers would be taking his backpack. Contrary to his claims, the Officers brought Plaintiff to his feet, removed his backpack, and released the handcuffs to do so. Additionally, the body camera footage shows that Plaintiff refused to leave the squad car upon arrival at the Des Plaines Police Department. Moreover, contrary to his claims, he was not dragged into the police station; he walked in under his own power. Additionally, the Officers used appropriate force when they removed his necklace, ring,

6

belt, watch, outer shirt, and shoes. Lastly, Plaintiff was carried to another unpadded cell when he refused to walk. Based on all these facts, the Defendants' force was reasonable under the circumstances, and this Court should dismiss Plaintiff's complaint with prejudice.

### III. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Armstrong v. Daily,* 786 F.3d 529, 538 (7th Cir. 2015) *citing Pearson v. Callahan,* 555 U.S. at 231, 129 S.Ct. 808, quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine if the defendants are entitled to qualified immunity, courts ask two questions: (1) whether "the facts alleged show the municipal employee's conduct violated a constitutional right," and (2) whether "it would be clear to a reasonable [municipal employee] that his conduct was unlawful in the situation he confronted." *Armstrong*, 786 F.3d at 538 *citing Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), modified on other grounds by *Pearson*, 555 U.S.at 236, 129 S.Ct. 808 (allowing courts discretion to conduct two-step inquiry in sequence better suited to particular case); accord, *Whitlock v. Brueggemann,* 682 F.3d 567, 580 (7th Cir.2012). Here, the Individual Defendants are entitled to qualified immunity because Plaintiff has failed to demonstrate that the Individual Defendants should have known that his detainment and arrest and the force used violated his constitutional rights. As such, this Court should dismiss Plaintiff's complaint with prejudice.

**VI.** **BECAUSE THE INDIVIDUAL DEFENDANTS ARE NOT LIABLE TO THE PLAINTIFF, THE CITY OF DES PLAINES IS NOT LIABLE TO THE PLAINTIFFS.**

Under Illinois Law, a municipality is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See* 745 ILCS 10/2-109; 745 ILCS 10/2-302; 65 ILCS 5/1-4-6. As Plaintiff has failed to prove his claims against the Individual Defendants, he failed to prove his claims against the City of Des Plaines. Thus, this Court should dismiss Plaintiff's complaint against Defendant the City of Des Plaines.

WHEREFORE, Defendants CITY OF DES PLAINES, incorrectly sued as the VILLAGE OF DES PLAINES and the VILLAGE OF DES PLAINES POLICE DEPARTMENT, and OFFICERS DELOLLO and PENA and SGT BONIAC respectfully request that this Court grant their Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismiss Plaintiff's complaint with prejudice.

Respectfully Submitted,

CITY OF DES PLAINES, incorrectly sued as the VILLAGE OF DES PLAINES and the VILLAGE OF DES PLAINS POLICE DEPARTMENT, and OFFICERS DELOLLO and PENA, and SGT BONIAC

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700 / Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com
K:\566 - Sosa\Pleadings\MJP\Defendants' MJP.docx

By: s/Deborah A. Ostvig
        One of Their Attorneys